NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO VALDIVIA-ANGUIANO, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No.    19-70186 Agency No. A060-658-698 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2022**
San Francisco, California

Before:  GOULD and RAWLINSON, Circuit Judges, and ZIPPS,*** District Judge.

Petitioner Ricardo Valdivia-Anguiano, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' ("BIA") decision affirming the

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

Immigration Judge's ("IJ") denial of asylum and withholding of removal, and reversing the IJ's grant of protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review the BIA's factual findings regarding Petitioner's asylum, withholding of removal, and CAT protection claims for substantial evidence. *See Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010); *Kamalthas v. I.N.S.,* 251 F.3d. 1279, 1281 (9th Cir. 2001). The Court must affirm the BIA's denial of these petitions, unless "the evidence presented was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *See Zetino*, 622 F.3d at 1012 (cleaned up).

Here, substantial evidence supports the BIA's determination that Petitioner failed to establish the necessary nexus between the harm he fears and a particular social group, which is fatal to his applications for asylum and withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017); *Zetino*, 622 F.3d at 1015–16 (reviewing nexus determination under highly deferential substantial evidence standard). Petitioner's expert testified that criminal organizations would target Petitioner for monetary gain, not because of Petitioner's social group or any other protected ground. The expert described Americanized Mexicans "first" as "a great potential resource . . . who ha[ve] money that could

2

give me an extra $5,000 fairly easily." Petitioner similarly testified that he believed Mexican cartels would target him for pecuniary reasons, not because he was an Americanized Mexican. This evidence is insufficient to gain CAT relief. *See Zetino*, 622 F.3d at 1016 ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also. Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (holding that violent criminal acts do not equal persecution).

Additionally, we conclude that substantial evidence supports the BIA's denial of CAT protections. Petitioner failed to establish that it was more likely than not that he would be subject to future torture because he would be recognizable as an Americanized Mexican, would come to the attention of cartels, and be tortured. *See* 8 C.F.R. § 1208.16(c); *see also In re J-F-F*, 23 I. & N. Dec. 912, 917–20 (B.I.A. 2006) (denying CAT protection because the petitioner failed to prove that it was more likely than not he would face torture or that police would participate or acquiesce in this torture). The Board noted the lack of evidence to support the expert's claim that Petitioner's Spanish is likely to be Anglicized, and it correctly determined that Petitioner could modify his appearance so that he does not stand out upon returning to Mexico.

**PETITION FOR REVIEW DENIED.**